UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Malcolm and Tim McGough, as
Trustees of the Carpenters & Joiners
Welfare Fund, Twin City Carpenters
Pension Master Trust Fund, Carpenters
and Joiners Apprenticeship and
Journeymen Training Trust Fund, and
Twin City Carpenters Vacation Fund;
and each of their successors;

Civil No. 06-2279 (PAM/JSM)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

RaeLind Const. Co. and Dave
Kammueller, individually,

Defendants.

This matter is before the Court on Plaintiffs' Motion for an Entry of Default. For the

reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiffs are trustees and fiduciaries of the Carpenters & Joiners Welfare Fund, Twin

City Carpenters Pension Master Trust Fund, Carpenters and Joiners Apprenticeship and

Journeymen Training Trust Fund, and Twin City Carpenters Vacation Fund ("the Funds").

The Funds are joint fringe benefit trust funds, which are multi-employer plans as defined by

29 U.S.C. § 1002(37). The Funds are established to provide, inter alia, pension, health and

welfare, and vacation benefits, as well as training, to employees doing carpentry work in the

construction trades. The Funds are maintained for the benefit of workers pursuant to a

Collective Bargaining Agreement ("CBA"). The Funds and their trustees are responsible for

determining and collecting the amount due to the various employee fringe benefit funds from employers who have entered the CBA.  All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425, as the administrative agent designated by the trustees.

Defendants are bound to a CBA between the Lakes and Plains Regional Council of Carpenters and Joiners, the Carpentry Contractors Association, and the Minnesota Drywall and Plaster Association.  The CBA obligates Defendants to compute the contribution for each employee, submit the information on a report form, and pay the contributions to the Funds' agent on or before the fifteenth day of the month following the month for which the contribution is being made.  The CBA and trust agreements provide that an employer is liable for an additional ten percent of all contributions not timely submitted for liquidated damages. The CBA also provides that Plaintiffs are entitled to attorneys' fees and costs.

Defendants did not submit fringe fund reports and contributions for the months of April, May, and June 2006.  Plaintiffs filed a Summons and Complaint in this matter on June 6, 2006.  Defendants were served with the Summons and Complaint on June 7, 2006, but have not responded to the Summons and Complaint.  After the instant Motion was filed, Defendants submitted a report for June 2006, indicating zero hours worked.  Defendants also stated they have ceased all business operations.  Plaintiffs believe that Defendants employed individuals during the months of April and May 2006, and Defendants still have not submitted reports for these months.  Even if no hours were worked, Defendants were nonetheless obligated to remit reports indicating such.

2

**DISCUSSION**

Defendants have failed to plead or otherwise defend against the Complaint in this action. Accordingly, Defendants are in default, and Plaintiffs are entitled to an entry of default. See Fed. R. Civ. P. 55(a).

Defendants are required to submit the April and May 2006 fringe fund reports and payment for the contributions due per those reports. Defendants are also obligated to pay to the Funds all fringe benefit contributions, liquidated damages, and attorneys' fees and costs incurred in collecting the delinquency.

**CONCLUSION**

Defendants failed to answer or otherwise respond to the Complaint in this action. Defendants are therefore in default, and Plaintiffs are entitled to an entry of default. Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiffs' Motion for Entry of Default (Docket No. 3) is **GRANTED**;

2.   Defendants must file reports for the months of April and May 2006, if they have not already been submitted, at the offices of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425, correctly identifying hours worked pursuant to the CBA within ten days of service of this Order upon them;

3.   Defendants must pay to Plaintiffs the fringe benefit contributions of all of the hours reported pursuant to the Court's Order plus liquidated damages in the

amount of ten percent of the delinquent contributions for the months of April and May 2006; and

4.     Upon the filing of the outstanding reports for the months of April and May 2006, if Defendants do not make payments required by this Order, Plaintiffs may move the Court for entry of a money judgment in the amount of unpaid contributions, liquidated damages, and reasonable attorney fees and costs, as shown by affidavit filed with the Court.

Dated: <u>September 25, 2006</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge

4